IN THE CIRCUIT COURT OF THE TWENTY-FIRST JUDICIAL CIRCUIT
OF MISSOURI AT CLAYTON, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| ) | |
| UBER TECHNOLOGIES, INC. ) | Division: |
| Serve at:  CT Corporation System ) | |
| 120 South Central Ave. ) | |
| Clayton, MO 63105 ) | |
| ) | |
| And ) | |
| ) | |
| ) | |
| JOHN DOE ) | |
| Serve at:  **HOLD SERVICE** ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PETITION

COMES NOW Plaintiff, JANE DOE, by and through counsel, and for his claims against Defendants, UBER TECHNOLOGIES, INC. ("Hereinafter "Uber") and JOHN DOE, state as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of St. Louis County, Missouri.

2. Defendant UBER TECHNOLOGIES, INC., is a Delaware Corporation which is registered as a for profit business in good standing to transact business in the State of Missouri, with its principal place of business at 1455 Market Street, Fourth Floor, San Francisco, California 94103.

3. Defendant JOHN DOE, upon information and belief was a resident of the State of Missouri at all times pertinent hereto.

4. This Court has jurisdiction over Uber pursuant to Mo. Rev. Stat.§506.500 because Uber regularly conducts business in Missouri, purposely avails itself of the privilege of conducting activities in Missouri, and the wrongful acts giving rise to Plaintiff's claims arose from Uber's transaction of business within Missouri.

5. Venue is proper in this Court pursuant to Mo. Rev. Stat. §508.010.4 because Plaintiff was injured in St. Louis County, Missouri and the facts giving rise to the cause of action took place within St. Louis County, Missouri.

6. On or about August 2, 2016, Defendant JOHN DOE, was authorized by Defendant Uber Technologies, Inc. to drive Uber customers for a fee as an Uber driver.

7. On or about August 2, 2016, Plaintiff JANE DOE, was sexually assaulted by Defendant JOHN DOE.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Uber is a global online transportation company headquartered in San Francisco, California. Uber is the creator and provider of a downloadable software application known as the Uber application that allows customers to request a ride comparable to a taxi with the push of a button on a smartphone.

9. Uber's business model requires an enormous pool of drivers in order to provide rides to customers quickly and efficiently. To accomplish this, Uber solicits and retains hundreds of thousands of drivers. Uber markets to potential driver: "Uber makes it easy to earn money driving your car on your schedule. With so many riders in every city, there's opportunity at every turn."

10. Uber's business model also depends on willing riders. Since its inception in 2010, Uber has aggressively marketed itself as a more efficient and safer alternative to public transportation and traditional taxis. Uber has also targeted specific groups of vulnerable riders who place a premium on safety, including women and intoxicated late-night riders.

2

11. There are no specialized skills needed to drive for Uber. By Uber's own admission, "anybody" can drive for Uber if they meet the minimum requirements of being over 21 years of age with a valid U.S. driver's license, at least one year of driving experience in the U.S., and an eligible four-door vehicle.

12. In order to become a driver for Uber, individuals apply through Uber's website. The application process is entirely online and involves filling out a few short forms and uploading photos of a driver's license, vehicle registration, and proof of insurance. Uber does not verify that the documents submitted are accurate or actually pertain to the applicant.

13. Uber's business model is contingent on convincing its customers it is safe to get into a stranger's vehicle. To do this, Uber makes a number of representations on its webpages, in communications with customers, and in media designed to create the impression that Uber provides what Uber characterizes as the "safest rides on the road".

14. As part of marketing itself as a safer alternative to other forms of transportation, Uber specifically targets females and intoxicated late night riders.

15. Uber is a "common carrier" because it offers to carry and transport members of the general public and holds itself out to the public as an on-demand form of transportation available to anyone who wants to use it. The general public recognizes Uber as a common carrier. The phrase "Ubering" has become a term-of-art meaning summoning an Uber vehicle to get from point A to B.

16. Uber drivers are required to follow numerous detailed requirements imposed on them by Uber. Uber drivers are graded, and are subject to termination, based on their failure to adhere to requirements. These included rules regarding conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, and what they are allowed to say to customers.

3

17. On or about the August 2, 2016, Plaintiff, JANE DOE's friend, contacted Uber via his Uber app to obtain a ride for Plaintiff from his home in St. Louis City to her home in St. Louis County. Plaintiff was very intoxicated at this time.

18. On or about August 2, 2016, Uber driver, Defendant JOHN DOE, picked up Plaintiff from St. Louis City. During the trip to St. Louis County, Defendant JOHN DOE agreed to stop at Plaintiff's request to purchase additional alcohol, even though she was already very intoxicated.

19. On or about August 2, 2016, Defendant JOHN DOE, drove Plaintiff to the parking lot of the Schnucks Supermarket located on Butler Hill Road. Defendant DOE then consumed alcohol with Plaintiff and sexually assaulted her. During the assault Plaintiff pleaded with Defendant DOE several times to "stop". Defendant DOE didn't stop and continued to assault her until he ejaculated.

## COUNT I - NEGLIGENCE
(Jane Doe v. Uber)

20. Plaintiff alleges and reasserts the preceding paragraphs as if more fully set forth herein.

21. Uber owes a duty of care to all persons not to place others at a foreseeable risk of harm, or create an unreasonable risk of harm for others through its actions or inactions.

22. Uber knew or should have known that its driver, JOHN DOE, was not properly screened for a violent sexual history or trained on how to interact with intoxicated patrons.

23. Uber knew that dozens of sexual assaults have occurred by Uber drivers targeting passengers, and in particular, intoxicated females.

24. Uber owed Plaintiff a duty of care not to subject Plaintiff to a foreseeable risk of harm, or create an unreasonable risk of harm by connecting Plaintiff with a driver that Uber knew or should have known was dangerous. Uber breached that duty.

4

25. As a direct and proximate cause of Uber's breach of its duty of care, Plaintiff was sexually assaulted by Defendant DOE. Plaintiff has sustained and will sustain physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation. Plaintiff has incurred medical expenses, professional expenses, lost future income, and other economic damages.

26. Uber knew or should have known, based on the available information and surrounding circumstances, that its conduct created a high degree of probable injury.

27. Uber showed complete indifference to, and conscious or reckless disregard for, the safety of Plaintiff and others that Uber paired with Defendant DOE. Plaintiff is entitled to punitive damages as a result of Uber's egregious and unconscionable conduct.

WHEREFORE, Plaintiff prays this court for Judgment against Defendants in such sum as will fairly and reasonably compensate Plaintiff for all of her injuries, in excess of $25,000.00, for punitive damages, for her costs herein expended, and for such other and further relief as to the Court shall seem just and proper under the circumstances.

### COUNT II – NEGLIGENT HIRING AND RETENTION
(Jane Doe v. Uber)

28. Plaintiff alleges and reasserts the preceding paragraphs as if more fully set forth herein.

29. In transporting members of the public, Uber operates in a critical position of public safety and has a duty to hire divers that are skilled and competent to provide "safe, reliable rides."

30. Uber failed to exercise reasonable care in hiring Defendant DOE. At the time Defendant DOE was hired as a driver for Uber, Uber knew or should have known that Defendant DOE was dangerous.

5

31. Defendant DOE was unskilled, unfit and incompetent to perform the work for which he was hired, to provide "safe, reliable ride." It was reasonably foreseeable to Uber that Defendant DOE would expose riders to an unreasonable risk of harm.

32. As a direct and proximate cause of Uber's failure to exercise reasonable care it its hiring and retention of Defendant DOE, Plaintiff was sexually assaulted by Defendant DOE and has sustained and will sustain physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation. Plaintiff has also incurred medical expenses, professional expenses, lost future income, and other economic damages.

33. Uber knew or should have known, based on the available information and surrounding circumstances, that its conduct created a high degree of probable injury.

34. Uber showed complete indifference to, and conscious or reckless disregard for, the safety of Plaintiff and others that Uber paired with Defendant DOE. Plaintiff is entitled to punitive damages as a result of Uber's egregious and unconscionable conduct.

WHEREFORE, Plaintiff prays this court for Judgment against Defendants in such sum as will fairly and reasonably compensate Plaintiff for all of her injuries, in excess of $25,000.00, for punitive damages, for her costs herein expended, and for such other and further relief as to the Court shall seem just and proper under the circumstances.

### COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Jane Doe v. Uber)

35. Plaintiff alleges and reasserts the preceding paragraphs as if more fully set forth herein.

36. Uber subjected Plaintiff to a reasonably foreseeable risk of harm, and created an unreasonable risk of harm by pairing Plaintiff with a driver that Uber knew or should have known was unsafe.

6

37. Uber should have realized that its conduct involved an unreasonable risk of causing distress to Plaintiff.

38. As a direct and proximate cause of Uber's negligent conduct, Plaintiff was sexually assaulted by Defendant DOE and has sustained and will sustain physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation. Plaintiff has also incurred medical expenses, professional expenses, lost future income, and other economic damages.

39. Plaintiff's emotional distress and mental injuries, including symptoms of post-traumatic stress disorder and severe anxiety, are medically diagnosable and of sufficient severity so as to be medically significant.

40. Uber knew or should have known, based on the available information and surrounding circumstances, that its conduct created a high degree of probable injury.

41. Uber showed complete indifference to, and conscious or reckless disregard for, the safety of Plaintiff and others that Uber paired with Defendant DOE. Plaintiff is entitled to punitive damages as a result of Uber's egregious and unconscionable conduct.

WHEREFORE, Plaintiff prays this court for Judgment against Defendants in such sum as will fairly and reasonably compensate Plaintiff for all of her injuries, in excess of $25,000.00, for punitive damages, for her costs herein expended, and for such other and further relief as to the Court shall seem just and proper under the circumstances.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Jane Doe v. Uber)

42. Plaintiff alleges and reasserts the preceding paragraphs as if more fully set forth herein.

7

43. Uber subjected Plaintiff to a reasonably foreseeable risk of harm, and created an unreasonable risk of harm by pairing Plaintiff with a driver that Uber knew was unsafe.

44. Uber knew that its conduct involved an unreasonable risk of causing distress to Plaintiff.

45. As a direct and proximate cause of Uber's negligent conduct, Plaintiff was sexually assaulted by Defendant DOE and has sustained and will sustain physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation. Plaintiff has also incurred medical expenses, professional expenses, lost future income, and other economic damages.

46. Uber's conduct and failure to act was extreme, outrageous and utterly intolerable in a civilized community.

47. Ubers' conduct has caused Plaintiff to experience severe emotional distress that resulted in bodily harm to Plaintiff. Plaintiff's emotional distress and mental injuries, including symptoms of post-traumatic stress disorder and severe anxiety, are medically diagnosable and of sufficient severity so as to be medically significant.

48. Uber showed complete indifference to, and conscious or reckless disregard for, the safety of Plaintiff and others that Uber paired with Defendant DOE. Plaintiff is entitled to punitive damages as a result of Uber's egregious and unconscionable conduct.

WHEREFORE, Plaintiff prays this court for Judgment against Defendants in such sum as will fairly and reasonably compensate Plaintiff for all of her injuries, in excess of $25,000.00, for punitive damages, for her costs herein expended, and for such other and further relief as to the Court shall seem just and proper under the circumstances.

8

## COUNT V – ASSAULT AND BATTERY
### (Jane Doe v. Uber as a Common Carrier)

49. Plaintiff alleges and reasserts the preceding paragraphs as if more fully set forth herein.

50. Under Missouri law, Uber is a common carrier and has a duty to provide the highest degree of care to its passengers. A common carrier is absolutely bound to protect a passenger from unlawful assaults by its drivers.

51. Uber's duty is nondelegable. As a common carrier, Uber is liable for its agents' intentional torts, whether or not such acts were committed within the scope of employment.

52. The duty described above arises where there is a "special relationship" between the parties or "special circumstances" exist such that an act or omission exposes someone to an unreasonable risk of harm through the conduct of another.

53. The relationship of a common carrier passenger is a "special relationship" in which a party entrusts himself to the protection of another and relies on that person to provide a place of safety.

54. Uber and Plaintiff had a special relationship in that Plaintiff was a passenger of Uber and Uber was in a unique position to protect Plaintiff. Plaintiff entrusted herself to the protection of Uber and relied upon Uber to provide safe transportation.

55. Uber violated its nondelegable duty by failing to provide Plaintiff with a safe ride home. Defendant DOE used his position as an Uber driver to case Plaintiff while in transport, and then take advantage of her by assisting her in purchasing and consuming alcohol during the ride, consuming alcohol with her while she was in a highly intoxicated state, which resulted in Defendant DOE's sexual assault of Plaintiff. A reasonable person could have foreseen that injuries of the type suffered by Plaintiff would be likely occur under the circumstances.

9

56. As a direct and proximate result of the aforementioned conduct, Plaintiff has sustained and will sustain physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation. Plaintiff has also incurred medical expenses, professional expenses, lost future income, and other economic damages.

57. Uber showed complete indifference to, and conscious or reckless disregard for, the safety of Plaintiff and others that Uber paired with Defendant DOE. Plaintiff is entitled to punitive damages as a result of Uber's egregious and unconscionable conduct.

WHEREFORE, Plaintiff prays this court for Judgment against Defendants in such sum as will fairly and reasonably compensate Plaintiff for all of her injuries, in excess of $25,000.00, for punitive damages, for her costs herein expended, and for such other and further relief as to the Court shall seem just and proper under the circumstances.

## COUNT VIII – ASSAULT AND BATTERY
### (Jane Doe v. John Doe)

58. Plaintiff alleges and reasserts the preceding paragraphs as if more fully set forth herein.

59. Defendant JOHN DOE leveraged his status as an approved Uber driver to pursue Plaintiff and take advantage of her in an intoxicated state.

60. Defendant DOE allowed Plaintiff to stop at a convenience store and purchase alcohol even though she was already highly intoxicated.

61. Defendant DOE pulled into a secluded area of the Schnucks parking lot on Butler Hill Road and consumed alcohol with Plaintiff before sexually assaulting her.

10

62. Defendant DOE attempted to injure Plaintiff and did in fact intentionally injure Plaintiff by sexually assaulting her while she was in a highly intoxicated state, without her consent and after she told him on several occasions to "stop."

63. Defendant DOE's behavior was unlawful and unjustified.

64. Defendant DOE's had the ability to injure Plaintiff and did in fact injure Plaintiff.

65. As a direct and proximate cause of Defendant DOE's assault and battery, Plaintiff has sustained and will sustain physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation. Plaintiff has also incurred medical expenses, professional expenses, lost future income, and other economic damages.

66. Plaintiff is entitled to punitive damages as a result of Defendant DOE's egregious and unconscionable conduct.

WHEREFORE, Plaintiff prays this court for Judgment against Defendants in such sum as will fairly and reasonably compensate Plaintiff for all of her injuries, in excess of $25,000.00, for punitive damages, for her costs herein expended, and for such other and further relief as to the Court shall seem just and proper under the circumstances.

THURMAN, HOWALD, WEBER,
SENKEL & NORRICK, L.L.C.
P.O. Box 800 – 301 Main Street
Hillsboro, MO 63050
(636) 797-2601/ (636) 789-2601
(636) 797-2904 Facsimile
flaherty@thurmanlaw.com

SEAN M. FLAHERTY #51024