UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| R.M., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-01167-SEP |
| UBER TECHNOLOGIES, INC., et al., | ) ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Defendant Uber Technologies, Inc.'s Amended Motion for Leave to File Under Seal, Doc. [33], and Plaintiff's Motion for Leave to Proceed by her Initials, Doc. [37]. For the reasons set forth below, Defendant's motion is denied, and Plaintiff's motion is granted.

**BACKGROUND**

In August 2021, Plaintiff filed this lawsuit against Uber, alleging that "John Doe," a driver employed by Uber, sexually assaulted her during a car ride arranged by Uber. Doc. [5]. Uber removed the case to federal court. Doc. [1]. Following a status conference with the parties, the Court ordered Uber to refile a motion for leave to file under seal, ordered Plaintiff to file a motion to proceed under initials, and granted Plaintiff leave to amend her complaint to name the driver as a defendant. *See* Doc. [32].

On September 16, 2022, Uber filed its Amended Motion for Leave to File Under Seal, asking the Court for leave to file its Memorandum Regarding the Identification of Defendant John Doe under seal. Docs. [33], [35]. Plaintiff does not object to Uber filing the name of its co-defendant under seal. *See* Doc. [26]. Plaintiff later filed her Motion for Leave to Proceed by her Initials, Doc. [37], to which Defendant Uber did not respond. Finally, Plaintiff filed her Amended Complaint, naming Charles Stanford as the Uber driver who allegedly sexually assaulted her. Doc. [38].

**DISCUSSION**

**I.    Defendant's Motion for Leave to File under Seal**

    **A. Sealing the Non-Party's Personal Information**

Uber requests leave to file its memorandum under seal because it contains "personal information of non-parties." Doc. [34] at 1. Specifically, the memorandum contains the home address of Timothy Mehringer—a non-party—who used the Uber application on Plaintiff's behalf to order the ride at issue in this case. *See id.* at 2. The Memorandum also contains the address of "John Doe," the

Uber driver, who was not named as a party to the case when Uber filed its sealing motion. "Until . . . this individual becomes a party to the litigation," Uber argues, "the rules of this Court recognize . . . a legitimate interest in protecting [the driver's] personal information." *Id.*

This Court's rules require parties to "*refrain from including*, or . . . partially redact *where inclusion is necessary* . . . the home address of a non-party . . . in any filing." *See* E.D. Mo. L.R. 2.17(5) (emphasis added). The Court sees no reason that inclusion of Mr. Mehringer's home address in the memorandum is necessary. And Plaintiff's Amended Complaint now names the driver as a defendant in the case. *See* Doc. [38]. Thus, he no longer qualifies as a non-party under Local Rule 2.17. The Court therefore denies Uber's motion and instructs Uber to refile its memorandum on the public docket without referencing Mr. Mehringer's address.[1]

### B. Sealing the Memorandum

Uber also requests that the Court seal its memorandum "because Uber's interest in sealing the Memorandum outweighs the public's common law right of public access." Doc. [34] at 2. Because "Uber obtained the information . . . in the memorandum solely based on information provided by Plaintiff and her attorney . . . [b]y disclosing this information publicly, one could argue Uber . . . is publicly associating this individual with claims of rape and sexual assault." *Id.* at 3. According to Uber, "[t]here is no compelling public interest having this information . . . in the public record until at least the time Plaintiff has performed her own investigation and verified this individual is in fact the John Doe she intends to sue for assault." *Id.* at 3-4.

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

---

[1] In light of the Court's ruling on Plaintiff's Motion to Proceed Using her Initials, below, Uber should also omit Plaintiff's address from the memorandum it files on the public docket. *See infra* note 2.

2

Uber provides no compelling reasons for keeping its memorandum under seal. In fact, Uber's concerns about "the identification of John Doe" are no longer relevant as Plaintiff's Amended Complaint names the Uber driver, Charles Stanford, as a defendant and provides his address for service of process. *See* Doc. [38]. Because numerous filings on the docket now recognize Charles Stanford as a defendant in this case, his identity and address are already public knowledge. *See* Docs. [38], [39], [40], [47], [54], [55], [57]. The Court therefore denies Uber's request to seal information relating to the identification of "John Doe."

## II.     Plaintiff's Motion to Proceed Using Initials

Plaintiff seeks to use her initials "to protect herself from disclosure of intensely sensitive and personal matters." Doc. [37] at 3. Because the Amended Complaint alleges that she was sexually assaulted, Plaintiff "fears she will be ostracized if her identity as a sexual assault victim were disclosed." *Id.* at 1, 3. Plaintiff does not seek "to conceal her identity from Defendants" and indicates that she is willing to "share information . . . with Defendants during discovery." *Id.* at 4.

Under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all parties." Fed. R. Civ. P. 10(a). Rule 10(a) "generally requires parties to a lawsuit to identify themselves in their respective pleadings." *Doe 6 v. St. Louis Charter Sch.*, 2019 WL 5863981, at *1 (E.D. Mo. Nov. 8, 2019). Thus, "there is a 'strong presumption against allowing parties to use a pseudonym.'" *Roe v. St. Louis Univ.*, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (quoting *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999)). "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *Id.* (quoting *W.G.A.*, 184 F.R.D. at 617); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Courts do occasionally permit litigants to proceed by pseudonym, however, where the case involves "limited 'matters of a highly personal nature.'" *W.G.A.*, 184 F.R.D. at 617 (quoting *Heather K. v. City of Mallard, Ia.*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995)). District courts in the Eighth Circuit have identified several circumstances that counsel in favor of allowing a litigant to proceed under a pseudonym, including:  "(1) plaintiff is challenging a governmental activity; (2) plaintiff would have to disclose information of the utmost intimacy in prosecuting his or her claim; or (3) plaintiff would be compelled to admit their intention to engage in illegal activity, thereby risking criminal prosecution." *Doe v. Washington Univ.*, 2019 WL 11307648, at *1 (E.D. Mo. April 2, 2019) (internal quotation marks omitted). "Additional circumstances courts consider include [(4)] whether

3

the plaintiff would risk suffering injury if identified; and [(5)] whether the party defending against a suit brought under a pseudonym would be prejudiced." *Id.*; *see also Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (collecting cases). Courts have also considered: (6) "the extent to which the identity of the litigant has been kept confidential"; (7) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (8) "whether the interests of children are at stake." *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1046-47 (N.D. Iowa 1999).

Several of the circumstances favoring the use of a pseudonym are present here. Plaintiff alleges that she was battered and sexually assaulted. This Court has allowed similarly situated Plaintiffs to proceed anonymously when the allegation concerns "a personal matter of the utmost intimacy." *Roe v. St. Louis Univ.*, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (quoting *W.G.A.*, 184 F.R.D. at 617) (allowing a plaintiff alleging rape to proceed anonymously). There is no indication that Defendants would be prejudiced by Plaintiff's use of initials; Plaintiff does not wish "to conceal her identity from Defendants" and professes to be willing to "share information . . . with Defendants during discovery." Doc. [37] at 4. Plaintiff also appears to have kept her identity confidential, and the Court is unaware of any news media or court filings disclosing her identity. Given those circumstances, Plaintiff has a "substantial privacy right which outweighs" the public's interest in "openness in judicial proceedings." *W.G.A.*, 184 F.R.D. at 617.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Uber Technologies, Inc.'s Amended Motion for Leave to File Under Seal, Doc. [33], is **DENIED**. The Court instructs Uber to refile its Memorandum Regarding the Identification of Defendant John Doe, Doc. [35], omitting the addresses of Timothy Mehringer and Plaintiff, on the public docket **within seven (7) days of the date of this Order**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed by her Initials, Doc. [37], is **GRANTED**.

Dated this 6th day of February, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT COURT

---

[2] Because Uber's Memorandum Regarding the Identification of Defendant John Doe reveals Plaintiff's address, which could lead to discovery of her identity, Uber should omit her address from the version of that memorandum that it files on the public docket pursuant to this order. *See supra* note 1.