UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| R.M., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-01167-SEP |
| UBER TECHNOLOGIES, INC., et al., | ) ) ) |
|     Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment. Doc. [69]. For the reasons set forth below, Plaintiff's motion is granted.

### BACKGROUND

In August 2021, Plaintiff initiated this lawsuit against Uber and Charles Stanford, alleging that Stanford, a driver employed by Uber, sexually assaulted her during a car ride arranged by Uber. Doc. [5]. Upon a joint stipulation of dismissal, Uber was dismissed from the case on February 9, 2023. Docs. [63], [66]. Upon ascertaining Defendant Stanford's location in Puerto Rico, Plaintiff served Stanford on October 17, 2022, Doc. [47], and his answer was due by no later than November 7, 2022. Stanford has not filed an answer or otherwise contested the Complaint. Clerk's Entry of Default was entered against Stanford on November 14, 2022, Doc. [57], and Plaintiff filed the instant Motion for Default Judgment, Doc. [69], on March 6, 2023. Defendant has not responded to the entry of default or to the motion for default judgment, and the time to do so has passed. The Court held an evidentiary hearing on the issue of damages on June 28, 2023. Doc. [73].

The following facts, alleged in the Complaint, are taken as true.[1] On August 2, 2016, Plaintiff, who was very intoxicated at the time, had a friend contact Uber to obtain a ride from St. Louis City to her home in St. Louis County. Doc. [38] ¶ 17. Charles Stanford picked her up and agreed, at Plaintiff's request, to stop and purchase alcohol. *Id*. ¶ 18. Stanford then drove to a

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the complaint. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (a defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

Case: 4:21-cv-01167-SEP   Doc. #:  76   Filed: 08/03/23   Page: 2 of 4 PageID #: 339

parking lot and sexually assaulted Plaintiff while she pleaded with him to stop.  *Id*. ¶ 19.  Based on these allegations, Plaintiff brought a claim for assault and battery against Stanford under Missouri law.  Plaintiff seeks compensatory damages in the amount of $1,000,000.00, and an equal amount in punitive damages.  Doc. [75] at 2-3.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977)) (per curiam).  After default is entered pursuant to Federal Rule of Civil Procedure 55(a), the facts alleged in the plaintiff's complaint, except as to damages, are taken as true and "may not be later contested."  *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6).  Once the court determines the plaintiff stated "a legitimate cause of action" on a claim, *Marshall*, 616 F.3d at 852 (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)), it must ascertain the amount of damages and determine any other appropriate relief, *Echeverry v. Goshert*, 4:22-cv-153-JAR, 2022 WL 2209364, at *2 (E.D. Mo. June 21, 2022) (citing *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000)).  If the judgment sought by the plaintiff is not for a sum certain, the Court may determine damages by holding an evidentiary hearing or based upon affidavits and documentary evidence supplied by the plaintiff.  Fed. R. Civ. P. 55(b)(2) ("the court may conduct such hearings or order such references as it deems necessary and proper"); *see also KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) ("Rule 55(b)(2) entrusts the district court with the discretion to decide if a hearing on the issue of damages is necessary following default judgment."); *Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015) (holding no "abuse of discretion in the decision to award actual damages without an evidentiary hearing" where the plaintiff submitted affidavits and documentary proof).

## DISCUSSION

**I.   Defendant's Liability**

The facts alleged in Plaintiff's Complaint are "deemed to be true."  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (holding that when default judgment is entered on a claim for indefinite damages, facts alleged in the complaint are taken as true).  Thus, the Court now considers whether the unchallenged facts in Plaintiff's Complaint constitute a

2

"legitimate cause of action" against Defendant.  *Marshall*, 616 F.3d at 852 (citing *Murray*, 595 F.3d at 871); *see also Augustyn v. Wilson*, 2:20-cv-04174, 2020 WL 7774911, at *1 (W.D. Mo. Dec. 30, 2020) (granting default judgment against a defendant for assault and battery).

Plaintiff brings a claim for assault and battery against Stanford.  Missouri law treats the intentional torts of assault and battery as "distinct causes of action."  *Elias v. Davis*, 535 S.W.3d 737, 745 (Mo. Ct. App. 2017) (citing *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. banc 2011)).  To state a claim for assault, Plaintiff must allege: "(1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent; and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct."  *Id.*  To state a legitimate battery claim, Plaintiff must plead facts alleging Defendant made an "intended, offensive bodily contact with" Plaintiff.  *Devitre*, 349 S.W.3d at 334.  Taking the facts alleged in the Complaint as true, the Court finds Plaintiff has stated a legitimate cause of action for both assault and battery against Defendant Stanford for purposes of default judgment.

**II.     Assessment of Damages**

Having determined Plaintiff states legitimate causes of action against Defendant for assault and battery, the Court must determine the amount of damages.  *See* Fed. R. Civ. P. 55(b)(2)(B).  Plaintiff seeks default judgment against Defendant in the amount of two million dollars—one million dollars in compensatory damages and one million dollars in punitive damages.

The Court grants Plaintiff's full request for compensatory damages.  Under Missouri law, a plaintiff injured by assault or battery may recover "compensatory damages for bodily pain, humiliation, mental anguish and other injuries that occur as a necessary and natural consequence of the tortious conduct."  *A.R.B. v. Elkin*, 98 S.W.3d 99, 104 (Mo. Ct. App. 2003) (citing *K.G. v. R.T.R.*, 918 S.W.2d 795, 799–800 (Mo. banc 1996)).  "There is no fixed measure or standard available to the trier of fact in determining the measure of damages for pain and suffering. The measure of damages is simply that which is fair and reasonable."  *A.R.B.*, 98 S.W.3d at 104 (quoting *Prange v. Prange*, 755 S.W.2d 581, 592 (Mo. Ct. App. 1987)).  "The matter of fixing damages rests in the sound discretion of the trial court but requires the weighing of the relevant facts which show that damage occurred."  *A.R.B.*, 98 S.W.3d at 105 (citing *Prange*, 755 S.W.2d at 592).  A district court errs if it requires "medical evidence" or obligates a plaintiff "to present

evidence of the value of his emotional injury in order to recover more than nominal damages." *A.R.B.*, 98 S.W.3d at 104–05.

Plaintiff testified credibly that Stanford's assault had a profound psychological and emotional effect on her. Plaintiff has put forth evidence of the egregious nature and details of Defendant's assault, her fears of contracting a sexually transmitted disease or becoming pregnant, and her medical needs, including counseling. She testified that the trauma of the assault left her unable to trust people and has negatively affected her ability to sustain relationships with others. Given the nature of Defendant's attack and the resulting injuries, the Court finds Plaintiff's request here "fair and reasonable." *A.R.B.*, 98 S.W.3d at 104. Therefore, the Court will award Plaintiff one million dollars ($1,000,000.00) in compensatory damages.

As to punitive damages, the Court also grants Plaintiff's request. Missouri law allows awards of punitive damages on a claim of assault or battery. *Harris v. Jungerman*, 560 S.W.3d 549, 555 (Mo. Ct. App. 2018); *A.R.B.*, 98 S.W.3d at 105. Unlike compensatory damages, "[p]unitive damages are not compensation for the injury to the plaintiff but are intended to punish a defendant for outrageous conduct and deter others from similar conduct." *Burns v. Taylor*, 589 S.W.3d 614, 627 n.9 (Mo. Ct. App. 2019) (citing *Jungerman*, 560 S.W.3d at 562). The Court finds Defendant's conduct was "outrageous" by reason of his "evil motive or reckless indifference to the rights of" Plaintiff. *Jungerman*, 560 S.W.3d at 555. Therefore, the Court grants Plaintiff one million dollars ($1,000,000.00) in punitive damages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [69], is **GRANTED**, and Plaintiff shall recover from Defendant Charles Stanford the sum of $2,000,000.00

A separate Judgment shall accompany this Memorandum and Order.

Dated this 3rd day of August, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT COURT